WILLIAM E. BLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bland v. Commissioner
Docket No. 12715-91
United States Tax Court
T.C. Memo 1992-695; 1992 Tax Ct. Memo LEXIS 739; 64 T.C.M. (CCH) 1472; December 7, 1992, Filed *739 For William E. Bland, pro se. For Respondent: Donna J. Pankowski. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent, by means of a statutory notice of deficiency, determined Federal income tax deficiencies and additions to tax for petitioner's 1981 through 1987 taxable years as follows: Sec.
Sec.
Year
Deficiency
6653(b)
6653(b)(1)
1981
$ 9,051
$ 4,526
---
1982
5,329
---
$ 2,665
1983
10,163
---
5,082
1984
7,707
---
3,854
1985
9,024
---
4,512
1986
7,056
---
---
1987
13,310
---
---
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
6654
1981
---
---
---
$ 483
1982
[1]
---
---
434
1983
[1]
---
---
624
1984
[1]
---
---
416
1985
[1]
---
---
221
1986
---
$ 3,528
[1]
120
1987
---
9,983
[1]
670
All section references are to the Internal Revenue Code in effect for the years in issue, *740 and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent, in a motion filed November 5, 1992, moved for summary judgment under Rule 121. By Court order dated November 6, 1992, petitioner was permitted to object or respond to respondent's motion for summary judgment. Petitioner failed to make any response. The facts in support of respondent's motion are derived from three sets of requests for admissions to which petitioner failed to respond. The requests for admissions are deemed admitted under Rule 90(c). , affd. . Admitted Facts
Petitioner resided in western Pennsylvania at the time of filing his petition. During the years in issue, petitioner worked as a pipefitter, a sprinklerfitter, and a welder. Petitioner's filing status for 1981 and 1982 was married filing separate. Petitioner's filing status for 1983 through 1987 was single. Petitioner did not file Federal income tax returns or make any estimated tax payments for the years 1981 through 1987, inclusive. For the same *741 taxable years, petitioner submitted Forms W-4 to his employers on which he falsely claimed to be exempt from income tax withholding, or he falsely claimed excessive exemptions. These false Forms W-4 were in effect for 1981 through 1987, inclusive, and caused insufficient withholding of Federal income taxes from petitioner's wages. On September 1, 1989, petitioner was convicted on two counts of criminal tax fraud for the taxable years 1982 and 1983. Petitioner was sentenced on October 11, 1989, to imprisonment for 1 year on one count and 3 years' probation on the second count, to commence upon his release from prison. The issues of fact found at the criminal trial were that petitioner willfully failed to file his 1982 and 1983 Federal income tax returns, that petitioner willfully filed false Forms W-4 with his employers, and that petitioner did these things with the intent to evade and defeat Federal income taxes. The last Federal income tax returns petitioner filed were for the 1975 through 1978 tax years. Petitioner delinquently filed these returns after the Internal Revenue Service contacted him in September 1979. Discussion
Respondent does not have the burden of proving *742 the amount of deficiencies in petitioner's Federal income taxes for the years 1981 through 1987, inclusive. Rule 142(a). The facts as admitted would establish deficiencies in the amounts determined for the years in issue. Respondent has the burden of proving fraud by clear and convincing evidence. Rule 142(b). To meet this burden, respondent must establish that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. . The facts deemed admitted are sufficient to sustain respondent's burden. Because of the criminal convictions for 1982 and 1983, petitioner is estopped from denying fraud for these years. (citing , affd. . For the tax years in which collateral estoppel does not apply (1981, 1984, 1985, 1986, and 1987), petitioner failed to file Federal income tax returns. Such conduct may be an *743 indicia of fraud. . Petitioner also filed false Forms W-4 on which he claimed excessive exemptions or claimed to be exempt from withholding. This conduct is further evidence of fraud. . Furthermore, the Internal Revenue Service had contacted petitioner in 1979. Therefore, petitioner was aware of his obligation to pay taxes. Fraud is a question of fact to be resolved upon consideration of the entire record. . The record reflects that petitioner submitted false Forms W-4 to his employers, failed to file returns, and knew about his obligation to pay tax. Petitioner's pattern of activity over a long period also bears on his intent. Therefore, based on the record before us, we find that the deficiencies for the years 1981 through 1987, inclusive, were due to fraud. See . Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings *744 and admissions show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. There is no genuine issue of material fact in dispute with respect to fraud in this case and, accordingly, summary judgment will be granted. In the petition, petitioner asserts that he is entitled to additional deductions not allowed in the notice of deficiency. Therefore, there is an issue of material fact with respect to the income tax deficiencies for the years in issue and summary judgment will not be granted for the deficiencies and the additions to tax. An appropriate order will be issued. Footnotes
1. 50 percent of the interest payable with respect to the portion of such underpayment which is attributable to fraud.↩